UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALTAF HUSSAIN,<br><br>    *Plaintiff,*<br><br>v.<br><br>MERRICK B. GARLAND, et al.,<br><br>    *Defendants.* | Civil Action No. 23-cv-17062 (MEF) (CLW)<br><br>OPINION |

**CATHY L. WALDOR, U.S.M.J.**

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff's motion to compel depositions of United States Citizenship and Immigration Service ("USCIS") employees. (ECF No. 23). Defendants filed an opposition, (ECF No. 27), and Plaintiff filed a reply. (ECF No. 28). In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves Plaintiff's application without oral argument. Upon careful consideration of the record for this matter, Plaintiff's motion to compel (the "Motion") is GRANTED.

## II.    BACKGROUND

Plaintiff, a citizen of Pakistan and Lawful Permanent Resident ("LPR") of the United States, filed a petition on September 6, 2023 seeking *de novo* judicial review of USCIS' denial of his application for naturalization. (Pl. Compl. ¶ 1, ECF No. 1). Plaintiff arrived in the United States in March 1992, possessing an altered Pakistani passport in the name of Malik Fateh Muhammad. (Pl. Motion at 4, ECF No. 23-3). Plaintiff submits that at the time of entry and inspection, he presented himself as Altaf Hussain ("his true name and identity") and claimed

asylum. (*Id.*). Plaintiff subsequently filed Form I-130, Petition for Alien Relative, and Form I-485, Application to Register Permanent Residence or Adjust Status, which USCIS automatically terminated pursuant to OI 103.2(o). (*Id.* at 5-6). Plaintiff then submitted Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant, as an abused spouse of a United States citizen (i.e., a "VAWA Petition"), which was approved on July 12, 2005. (*Id.* at 6). Based on his approved VAWA Petition, Plaintiff filed another Form I-485, and appeared for an interview before USCIS on April 26, 2006. (*Id.*).

In December 2008, Plaintiff commenced legal proceedings in United States District Court, District of New Jersey, seeking to compel USCIS to advance the adjudication of his Form I-485. (*Id.* at 7). In January 2009, Plaintiff received a Notice of Intent to Revoke the I-360 approval, on the grounds that the prior approval was "not clearly correct." (*Id.*). However, on April 20, 2009 USCIS reaffirmed Plaintiff's I-360 petition. (*Id.*). On May 7, 2009, USCIS again interviewed Plaintiff in connection with his Form I-485 application, and on July 7, 2009 he became a LPR of the United States. (*Id.* at 7-8). Plaintiff submits that at all relevant times, the officers adjudicating and reviewing his Form I-485 were "expressly aware" that he possessed an altered Pakistani passport in the name of Malik Fateh Muhammad when he first arrived in the United States in March 1992. (*Id.* at 8).

On April 9, 2014 and in March 2020, Plaintiff, "under his true and correct name," applied for naturalization with USCIS. (*Id.* at 9). USCIS denied the applications, finding that he was not "lawfully admitted" for permanent residence because he was "inadmissible" under the fraud or material misrepresentation prohibition of the Immigration and Naturalization Act ("INA"), § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i). (*Id.*; Def. Opp. at 1, ECF No. 27). USCIS asserts that when it reviews a naturalization application, it reviews the applicant's immigration history –

including USCIS' prior decision to grant a green card – "to ensure that the noncitizen has complied with all immigration laws … [and] satisfied all legal prerequisites before gaining full U.S. citizenship." (Def. Opp. at 1, ECF No. 27). "Congress mandated this recheck in a section of the INA titled 'Prerequisites to naturalize,' which states that a noncitizen can naturalize only if they prove they were 'lawfully admitted' for permanent residence. INA § 318, 8 U.S.C. § 1429." (*Id.*). Although USCIS granted Plaintiff a green card and LPR status in July 2009, Defendants submit that "it should not have done so because people who violate the INA's fraud or misrepresentation provision cannot be permanent residents." (*Id.* at 2). Plaintiff disputes USCIS' contention "that he was inadmissible for permanent residence in the United States pursuant to INA § 212(a)(6)(C)(i), 8 USC § 1182(a)(6)(C)(i), and, in the alternative, alleges that the inadmissibility was waived without the formal filing of Form I-601, Application for Waiver of Grounds of Inadmissibility." (Pl. Motion at 3, ECF No. 23-3).

The parties have had several discovery disputes since this matter commenced, including with respect to the scope of the administrative record and depositions. (*See, e.g.*, ECF No. 18). The Motion at hand centers on Plaintiff's request for Defendants to produce the names and employment status of USCIS employees involved in the adjudication of his Form I-485 application for adjustment of status to LPR, in order for Plaintiff to depose those individuals. (Pl. Motion at 11, ECF No. 23-3). Plaintiff alleges that such employees have "unique, first-hand, knowledge" related to the disputed issues, including the adjudication of his Form I-485 application and USCIS policies and procedures "pertaining to admissibility determinations and adjudication of inadmissibility waivers." (*Id.*). Specifically, Plaintiff contends that the USCIS officer charged with adjudicating Plaintiff's I-485 application granted the necessary waiver at said officer's "discretion, without necessity for a physical waiver application to be filed, as was the officer's

3

right, at the time of Plaintiff's adjustment of status interview." (Pl. Nov. 5, 2024 Letter at 2, ECF No. 18). In addition, Plaintiff "contends that the adjudicating officer was expressly authorized to take such action based on USCIS Policy Manual and Interoffice Memorandum dated May 03, 2006." (*Id.*). Plaintiff submits that "the issue concerning [his] admission for permanent residence in the United States is critical to the final outcome in this matter, and furthermore serves as a gatekeeper to the second issue concerning the Noushad alias."[1] (*Id.*).

Defendants object to producing the names and employment status of these USCIS employees. Defendants argue that USCIS "had to deny Plaintiff's naturalization application because he was not 'lawfully admitted' for permanent residence," due to "[seeking] admission to the United States with a fraudulent passport"; they also assert that "the deposition testimony sought by Plaintiff[2] cannot change that result." (Def. Opp. at 1-2, ECF No. 27). In the interest of justice and judicial efficiency, and in order to establish an adequate record for the Court to determine whether Plaintiff may depose certain USCIS employees, the Court directed the parties to submit additional briefing on these issues. (ECF No. 22).

### III.   LEGAL STANDARD

Rule 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevant

---

[1] Plaintiff asserts that USCIS also denied his naturalization application because he used an alias, Ali Noushad, in his immigration process. (Pl. Motion at 10, ECF No. 23-3). Plaintiff denies ever "having and/or using" such alias, which "has a separate and distinct Alien Registration Number and is subject to an outstanding order or removal." (*Id.* at 3, 10). On November 6, 2024, this Court limited the scope of discovery to the issue of waiver and the necessity thereof. (*Id.* at 11-12). Plaintiff must first "demonstrat[e], with sufficient merit, that he was lawfully admitted for permanent residence in the United States, before being permitted to proceed to discovery on the second issue in dispute." (*Id.* at 12).

[2] Defendants suggest that "Plaintiff wants to elicit testimony on two topics: (1) did the officers believe that Plaintiff did not need a waiver of inadmissibility? and (2) in the alternative, did the

4

information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "Rule 26 is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage." *CDK Global, LLC. v. Tulley Auto. Grp.,* No. 15-cv-3103 (KM), 2018 WL 4259843, at *2 (D.N.J. June 28, 2018) (citing *Tele–Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981)); *accord Berardino v. Prestige Mgmt. Servs.*, No. 14-cv-3451 (ES), 2017 WL 9690965, at *2 (D.N.J. Dec. 8, 2017) ("The Rule 26 relevancy requirement has been construed 'broadly and liberally.'") (quoting *DIRECTV, Inc. v. Richards*, No. 03-cv-5606 (GEB), 2005 WL 1514187, at *3 (D.N.J. June 22, 2005)).  The party seeking discovery has the burden of showing that the information sought is relevant to the subject matter of the action while the party resisting discovery has the burden of clarifying, explaining and supporting its objection thereto.  *Bell v. Lockheed Martin Corp.*, 270 F.R.D. 186, 191 (D.N.J. 2010) (citing *Nestle Foods Corp. v. Aetna CAS. And Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990)).  "A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them.  The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." Advisory committee notes to 2015 amendment to Fed. R. Civ. P. 26(b)(1).

### IV.    ANALYSIS

The Court finds that Plaintiff has made a sufficient showing as to why deposing certain USCIS employees is relevant to this litigation.  This matter arises from final agency action by

---

officers grant Plaintiff an 'oral' waiver of inadmissibility?" (Def. Opp. at 2, ECF No. 27).  Defendants submit that "[n]either line of inquiry is relevant." (*Id.*).

USCIS. The Court's *de novo* review of USCIS' denial of Plaintiff's naturalization application will, in part, be based on the administrative record, of which the adjudication of Plaintiff's Form I-485 is a key component. In contesting the denial of his application, Plaintiff asserts that he was "lawfully admitted to the United States for permanent residence based on sound application of the law by the USCIS officers adjudicating his Form I-485." (Pl. Reply at 3, ECF No. 28). This case thus centers around Plaintiff's contention that "he was not statutory inadmissible to adjust status to LPR pursuant to INA § 212(a)(6)(C)(i) on account of fraud or willful misrepresentation, based on the doctrine of timely retraction/recantation at the time of entry, and conceivably upon additional grounds (e.g., oral/implied waiver)." (*Id.*). It follows that depositions of certain USCIS employees involved in the adjudication of Plaintiff's Form I-485 are relevant to these assertions, i.e., the core issues disputed in this action.

Defendants argue that the deposition testimony sought by Plaintiff cannot change the result of USCIS' determination, as there are "strict procedural steps to apply for a waiver [of inadmissibility from USCIS] and obtain a decision from the agency." (Def. Opp. at 2, ECF No. 27). Because Plaintiff did not follow such steps, Defendants assert he cannot "cleanse his record of the fraudulent passport issue." (*Id.*). Nonetheless, based on the pleadings "the issue of admissibility is central to this case, as are the facts and grounds relating thereto." (Pl. Motion at 36, ECF No. 23-3). The depositions of USCIS officers involved in adjudicating Plaintiff's Form I-485 are relevant to Plaintiff's argument that he was *not* inadmissible under the INA's fraud and misrepresentation prohibition, as facts from such depositions may relate to the assertion that his Form I-485 was properly approved based on the doctrines of "timely retraction/recantation at the time of entry," and/or "oral/implied waiver." (Pl. Reply at 3, ECF No. 28). Rule 26(b)(1) allows for a broad scope of discovery. This Court finds that permitting depositions of USCIS officers

with "direct and independent knowledge of the matter and unique, first-hand, knowledge of the core issue(s) in dispute" is "proportional to the needs of the case." (Pl. Motion at 36, ECF No. 23-3); Fed. R. Civ. P. 26(b)(1). As Plaintiff's discovery request is not made in bad faith, unduly burdensome, or irrelevant, it should be permitted.

At this stage of the litigation and for purposes of the Motion at hand, the Court need not address the merits of Plaintiff's admissibility determination nor opine upon the doctrines he raises in his Motion. The Court takes no position on whether Plaintiff's claims will be successful in whole or in part, but finds that – because adjudication of Plaintiff's Form I-485 is central to his assertion that he was lawfully admitted to the United States – it is relevant to permit depositions of certain USCIS employees involved in such adjudication.

## V.   CONCLUSION

Plaintiff's motion to compel the depositions of USCIS employees is GRANTED, under the conditions and within the parameters set forth in the accompanying order. An appropriate order follows.

**Dated: May 2, 2025**

*s/ Cathy L. Waldor*
**Hon. Cathy L. Waldor, U.S.M.J.**

cc:  Hon. Michael E. Farbiarz, U.S.D.J.